UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
ELECTRONICALLY FILED

MAXINE HAZLEY
    PLAINTIFF

v.                                    CASE NO. 3-13-cv-960-H

WAL-MART STORES, INC.
 - and –
BACELINE INVESTMENTS, LLC
    DEFENDANTS

\* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully, show the Court as follows:

1.    That there was commenced and is now pending in the Jefferson Circuit Court in which the above-named Maxine Hazley ("Hazley"), is the Plaintiff and the named Defendants are Wal-Mart Stores, Inc. and Baceline Investments, LLC. The state court action was commenced on September 25, 2013.

2.    That this is an action at common law of the civil nature and that Plaintiff has represented that the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand Dollars ($75,000.00).

3.    That this action involves a controversy between citizens of different States in that there is diversity of citizenship between Plaintiff and Defendants:

(a)    That Plaintiff, Maxine Hazley, at the time of the commencement of this action, was and ever since has been a citizen of Jefferson County, Kentucky. *See* Complaint ¶ 1.

(b) That Defendant Wal-Mart, at the time of the commencement of this action, had and ever since has had its principal place of business in the State of Arkansas, and by virtue of having its principal place of business in said State, was and is a citizen of the State of Arkansas, and was not and is not a citizen of the State of Kentucky, and further, that said Defendant, at the time of the commencement of this action, was and ever since has been a corporation duly created and organized by and under the laws of the State of Delaware by virtue of which incorporation said Defendant was and is a citizen of the State of Delaware, and was not and is not a corporation created or organized under the laws of the State of Kentucky and, hence, was not and is not a citizen of the State of Kentucky.

(c) That Defendant Baceline Investments, LLC, at the time of the commencement of this action, had and ever since has had its principal place of business in the State of Colorado, and by virtue of having its principal place of business in said State, was and is a citizen of the State of Colorado, and was not and is not a citizen of the State of Kentucky, and further, that said Defendant Baceline, at the time of the commencement of this action, was and ever since has been a limited liability company duly created and organized by and under the laws of the State of Colorado by virtue of which said Defendant was and is a citizen of the State of Colorado, and was not and is not a limited liability company created or organized under the laws of the State of Kentucky and, hence, was not and is not a citizen of the State of Kentucky.

4. That this action is one over which the District Court of the United States is given original jurisdiction under 28 U.S.C. § 1332.

5. That Louisville is the proper jury division for this removal because Wal-Mart and Baceline Investments, LLC are not residents of Kentucky and the alleged events or omissions

giving rise to Plaintiff's Complaint occurred in Jefferson County, Kentucky. *See* LR 3.2(a)(3); 3.1(a)(3).

6. That this Notice of Removal is timely filed in this Court within thirty (30) days after receipt by the Defendants of a copy of a pleading, order or other paper from which they could first ascertain that this action is removable. Additionally, this Notice of Removal is timely filed within one year of the commencement of the action in Jefferson Circuit Court. Specifically, it is filed within thirty (30) days after the receipt of the Defendants of the Complaint, which alleges serious bodily injury. Defendants have been advised by counsel for the Plaintiff that Plaintiff will seek to recover past medical expenses in excess of $50,000 in addition to unspecified amounts for future medical expenses and pain and suffering. Thus, the action became removable upon service of the Complaint.

7. That each Defendant consents to removal.

8. That written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by law.

9. That a true and correct copy of this Notice of Removal will be filed with the Clerk of the Jefferson Circuit Court, as provided by law.

10. That there is filed herewith, and by reference made a part hereof, a true and correct copy of all process, exhibits, pleadings, and orders served upon this Defendant in this action. *See* Exhibit A.

WHEREFORE, notice is given that this action is properly removed from the Circuit Court of Jefferson County, Kentucky, to this Court for all further proceedings.

Respectfully submitted,

  /s/ Jennifer Kincaid Adams
Jennifer Kincaid Adams

Quintairos, Prieto, Wood & Boyer, P.A.
9300 Shelbyville Road, Suite 400
Louisville, Kentucky 40222
(502) 423-6390
Fax: (502) 423-6391
jadams@qpwblaw.com
*Counsel for Defendant Walmart*

**HAVE SEEN AND CONSENT:**

　/s/ Thomas F. Glassman
Thomas F. Glassman
Smith, Rolfes & Skavdahl Co., L.P.A.
300 Buttermilk Pike, Suite 324
Ft. Mitchell, KY 41017
*Counsel for Defendant Baceline Investments, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on this 8th day of October, 2013. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Taylor P. Sorrels
Sorrels Law Office
436 S. Seventh Street, Suite 200
Louisville, KY 40203
*Counsel for Plaintiff*

William E. Cowley, III
436 S. Seventh St., Suite 200
Louisville, KY 40203
*Counsel for Plaintiff*

Thomas F. Glassman
300 Buttermilk Pike, Suite 324
Ft. Mitchell, KY 41017
*Counsel for Defendant Baceline*

　/s/ Jennifer Kincaid Adams
Jennifer Kincaid Adams