# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/27/2013
CT Log Number 523580077

TO: Sheron Young
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

RE: **Process Served in Kentucky**

FOR: Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Hazley Maxine, Pltf. vs. Wal-Mart Stores, Inc. and Baceline Investments, LLC., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jefferson County Circuit Court, KY<br>Case # 13CI04806 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Plaintiff sustained injuries, mental anguish and inconvenience as a result of defendant's negligence and carelessness |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/27/2013 postmarked on 09/25/2013 |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day of delivery |
| **ATTORNEY(S) / SENDER(S):** | Taylor P. Sorrels<br>Sorrels Law Office<br>436 S. Seventh St.<br>Suite 200<br>Louisville, KY 40203<br>502-855-3152 |
| **REMARKS:** | The complaint appears to be missing pages, process was forwarded in the condition received by CT Corporation |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2013, Expected Purge Date: 10/02/2013<br>Image SOP<br>Email Notification, Candiss Golaszweski-CT East CLS-VerificationEast@wolterskluwer.com<br>Email Notification, Sheron Young ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / PV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**CIRCUIT COURT CLERK'S OFFICE**
**JUDICIAL CENTER**
700 W. JEFFERSON ST.
LOUISVILLE, KY 40202

7011 2970 0002 8217 3460

CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY 40601

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case **13CI04806**<br>Court ☑ Circuit ☐ District<br>County Jefferson |
|---|---|---|

**PLAINTIFF**

Maxine　　　　　　　　　　　　　　　Hazley

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

VS.

**DEFENDANT**

Wal-Mart Stores, Inc.
702 Southwest 8th St.
MS #0555
Bentonville　　　　　　　Arkansas　　　　72716

**Service of Process Agent for Defendant:**

CT Corporation System

306 West Main Street

Suite 512

Frankfort　　　　　　　　　　　　　　　　Kentucky　　　40601

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: SEP 25 2013

By: _____ Clerk / D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

Title _____

NO. **13CI04806**   JEFFERSON CIRCUIT COURT
DIVISION_____
JUDGE _____

MAXINE HAZLEY   PLAINTIFF

v.   JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

WAL-MART STORES, INC.
702 Southwest 8th Street MS #0555
Bentonville, AR 72716

    Serve: CT Corporation System
           306 West Main Street
           Suite 512
           Frankfort, KY 40601

-and-

BACELINE INVESTMENTS, LLC.
1522 Blake Street, Suite 200
Denver, CO 80202

    Process Agent: David C. Puchi
                   1522 Blake Street, Suite 200
                   Denver, CO 80202

    Serve: Office of the Secretary of State
           Summonses Branch
           700 Capital Avenue, Suite 86
           Frankfort, KY 40601   DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Maxine Hazley, by counsel, and for her complaint and causes of action against the Defendants herein states as follows:

1. At all relevant times herein, Plaintiff, Maxine Hazley, resided in Louisville, Jefferson County, Kentucky.

2. Upon information and belief, Defendant Wal-Mart Stores, Inc., (hereinafter

Commonwealth of Kentucky with a home office address of 702 Southwest 8th Street, MS #0555, Bentonville, AR 72716. Its agent for service of process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

3. Upon information and belief, Defendant Baceline Investments, LLC., (hereinafter referred to as "Baceline") is a Colorado domiciled corporation with a home office address of 1522 Blake Street, Suite 200, Denver, CO 80202. Its agent for service of process is David C. Puchi, 1522 Blake Street, Suite 200, Denver, CO 80202.

4. The incident giving rise to this action occurred in Jefferson County, Kentucky, and the damages are in excess of the jurisdictional limits of this Court.

5. That upon information and belief, at all times relevant herein, Defendant Wal-Mart owned, leased, and/or maintained the building located at 10445 Dixie Highway, Louisville, Jefferson County, Kentucky 40272 (hereinafter referred to as "the Premises").

6. That upon information and belief, at all times relevant herein, Defendant Baceline owned, leased and/or maintained the building located at 10445 Dixie Highway, Louisville, Jefferson County, Kentucky 40272 (the Premises).

7. That on or about the 1st day of October, 2012, Plaintiff Maxine Hazley was a business invitee upon the Premises at the aforementioned address in Louisville, Jefferson County, Kentucky, using all due care for her own safety.

8. That on that date and at that place set forth above, Defendant Wal-Mart knew or should have known that a dangerous condition existed on its Premises that posed a threat of harm to its business invitees, including Plaintiff.

9. That on that date and at that place set forth above, Defendant Wal-Mart failed to maintain its Premises in a safe and reasonable manner, and as a result thereof, Plaintiff Maxine

9. That on that date and at that place set forth above, Defendant Wal-Mart failed to maintain its Premises in a safe and reasonable manner, and as a result thereof, Plaintiff Maxine Hazley suffered serious bodily injury.

10. That on that date and at that place set forth above, Defendant Wal-Mart failed to warn Plaintiff Maxine Hazley about the dangerous condition on its Premises, and as a result thereof, Plaintiff Maxine Hazley suffered serious bodily injury.

## CLAIMS AGAINST WAL-MART STORES, INC.
### COUNT I

11. Plaintiff Maxine Hazley adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

12. That as a direct and proximate result of the negligence of Defendant Wal-Mart in failing to maintain its premises in a safe and reasonable manner, Plaintiff Maxine Hazley was caused to suffer serious bodily injury, and because of her serious bodily injuries Plaintiff Maxine Hazley has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

13. That as a direct and proximate result of the negligence of Defendant Wal-Mart in failing to maintain its premises in a safe and reasonable manner, Plaintiff Maxine Hazley has incurred, and will incur in the future, medical expenses and physician expenses.

14. That as a direct and proximate result of the negligence of Defendant Wal-Mart in failing to maintain its premises in a safe and reasonable manner, Plaintiff has incurred damages in excess of the jurisdictional limits of this Court.

### COUNT II

15. Plaintiff Maxine Hazley adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

16. That as a direct and proximate result of the negligence of Defendant Wal-Mart in failing to warn Plaintiff Maxine Hazley about a hazardous condition that Defendant knew or should have known existed on its premises, Plaintiff Maxine Hazley was caused to suffer serious bodily injury, and because of her serious bodily injuries Plaintiff Maxine Hazley has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

17. That as a direct and proximate result of the negligence of Defendant Wal-Mart in failing to warn Plaintiff Maxine Hazley about a hazardous condition that Defendant knew or should have known existed on its premises, Plaintiff Maxine Hazley has incurred, and will incur in the future, medical expenses and physician expenses.

18. That as a direct and proximate result of the negligence of Defendant Wal-Mart in failing to warn Plaintiff Maxine Hazley about a hazardous condition that Defendant knew or should have known existed on its premises, Plaintiff has incurred damages in excess of the jurisdictional limits of this Court.

## CLAIMS AGAINST BACELINE INVESTMENTS, LLC.
## COUNT III

19. Plaintiff Maxine Hazley adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

20. That as a direct and proximate result of the negligence of Defendant Baceline in failing to maintain its premises in a safe and reasonable manner, Plaintiff Maxine Hazley was caused to suffer serious bodily injury, and because of her serious bodily injuries Plaintiff Maxine Hazley has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

4

21. That as a direct and proximate result of the negligence of Defendant Baceline in failing to maintain its premises in a safe and reasonable manner, Plaintiff Maxine Hazley has incurred, and will incur in the future, medical expenses and physician expenses.

22. That as a direct and proximate result of the negligence of Defendant Baceline in failing to maintain its premises in a safe and reasonable manner, Plaintiff has incurred damages in excess of the jurisdictional limits of this Court.

### COUNT IV

23. Plaintiff Maxine Hazley adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

24. That as a direct and proximate result of the negligence of Defendant Baceline in failing to warn Plaintiff Maxine Hazley about a hazardous condition that Defendant knew or should have known existed on its premises, Plaintiff Maxine Hazley was caused to suffer serious bodily injury, and because of her serious bodily injuries Plaintiff Maxine Hazley has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

25. That as a direct and proximate result of the negligence of Defendant Baceline in failing to warn Plaintiff Maxine Hazley about a hazardous condition that Defendant knew or should have known existed on its premises, Plaintiff Maxine Hazley has incurred, and will incur in the future, medical expenses and physician expenses.

26. That as a direct and proximate result of the negligence of Defendant Baceline in failing to warn Plaintiff Maxine Hazley about a hazardous condition that Defendant knew or should have known existed on its premises, Plaintiff has incurred damages in excess of the jurisdictional limits of this Court.

**WHEREFORE**, Plaintiff, Maxine Hazley, demands as follows:

1. That the Clerk of this Court issue Summons to Defendant Wal-Mart Stores, Inc., and direct a copy thereof, along with a copy of this Complaint, to its agent for service of process, being CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601.

2. That the Clerk of this Court issue Summons to Defendant Baceline Investments, LLC., by and through its agent for service of process, David C. Puchi, 1522 Blake Street, Suite 200, Denver, CO 80202, and direct a copy thereof, along with a copy of this Complaint, to the Kentucky Secretary of State as statutory agent for service of process.

3. Judgment against Defendant Wal-Mart in favor of Plaintiff Maxine Hazley in an amount in an amount in excess of the jurisdictional limits of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

   a. Past mental and physical pain, suffering, mental anguish and inconvenience;

   b. Future mental and physical pain, suffering, mental anguish and inconvenience;

   c. Future medical expenses and past medical expenses; and

   d. Miscellaneous expenses incurred by the Plaintiff including but not limited to travel expenses, necessitated by the negligent acts of the Defendant.

4. Judgment against Defendant Baceline in favor of Plaintiff Maxine Hazley in an amount in an amount in excess of the jurisdictional limits of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

   a. Past mental and physical pain, suffering, mental anguish and inconvenience;

   b. Future mental and physical pain, suffering, mental anguish and inconvenience;

   c. Future medical expenses and past medical expenses; and

   d. Miscellaneous expenses incurred by the Plaintiff including but not limited to travel expenses, necessitated by the negligent acts of the Defendant.

5. Pre-judgment interest;

6. Post-judgment interest;

7. Attorney fees and court costs reasonably incurred or expended;

8. Any and all just and proper relief to which Plaintiff may appear entitled, including the right to Amend this Complaint.

_____
Taylor P. Sorrels
SORRELS LAW OFFICE
436 S. Seventh St., Suite 200
Louisville, KY 40203
P: 502-855-3152
F: 502-855-3166
tps@sorrelslaw.com
*Counsel for Plaintiff*

_____
William E. Cowley, III
436 S. Seventh St., Suite 200
Louisville, KY 40203
P: 502-855-3142
F: 502-855-3166
will@cowley-law.com
*Counsel for Plaintiff*

NO. 13-CI-04806                                      JEFFERSON CIRCUIT COURT
                                                         DIVISION TEN (10)
                                                         JUDGE IRV MAZE

MAXINE HAZLEY                                                      PLAINTIFF

v.

WAL-MART STORES, INC.
- and –
BACELINE INVESTMENTS, LLC                                         DEFENDANTS

## ANSWER OF WAL-MART STORES, INC.

Defendant, Wal-Mart Stores, Inc. (hereinafter "Walmart"), by counsel, and for its Answer to the Plaintiff's Complaint, hereby states as follows:

### FIRST DEFENSE

Subject to what discovery may reveal, the Complaint fails, in whole or in part, to state a claim upon which relief can be granted and should, therefore, be dismissed in its entirety with prejudice.

### SECOND DEFENSE

Subject to what discovery may reveal, Walmart states that at the time and on the occasion described in the Complaint, the Plaintiff herself was guilty of negligence or fault, which was a substantial factor in causing and bringing about the incident in controversy and alleged damages; and that but for the comparative negligence and fault on the part of the Plaintiff, the incident would not have occurred and damages, if any, would not have been sustained. Walmart relies upon the negligence and fault of the Plaintiff as a partial and/or complete bar to any recovery herein and requests an apportionment instruction at the trial of this matter pursuant to KRS 411.182.

### THIRD DEFENSE

Walmart states that the incident in controversy and alleged damages, if any, were caused and brought about by and were the proximate result of a superseding and intervening negligent act, or negligent failure to act, on the part of someone other than Walmart and that but for this superseding and intervening cause, the incident and any alleged damages, if any, would not have been sustained. Walmart relies upon this superseding and intervening act as a partial and/or complete bar to any recovery herein.

### FOURTH DEFENSE

Walmart states that the Plaintiff failed to mitigate his damages, if any, and relies upon this failure as a partial and/or complete bar to recovery herein.

### FIFTH DEFENSE

Walmart pleads any and all affirmative defenses set forth in Rules 8.03 and 12 of the Kentucky Rules of Civil Procedure as if set forth at length herein and specifically states that Plaintiff's claim may be barred by the statute of limitations.

### SIXTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused and brought about by and were the proximate result of a pre-existing condition, which condition existed prior to the date of the incident, and said pre-existing condition is either the proximate cause of the Plaintiff's injuries and damages or contributing cause of said injuries and damages; and but for said pre-existing condition, Plaintiff's injuries and damages would not and could not have occurred, or in the alternative, would not and could not have been as extensive as alleged in the Plaintiff's Cause of Action against Walmart herein.

Walmart hereby relies upon said negligence and/or fault of the Plaintiff as a complete bar to any recovery by the Plaintiff on the Complaint herein.

### SEVENTH DEFENSE

The Complaint demands relief, including attorney fees and prejudgment interest that is not recoverable under Kentucky law and Walmart raises this as an affirmative defense.

### EIGHTH DEFENSE

To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS 411.188 and the Complaint is barred. Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any such payment.

### NINTH DEFENSE

The injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts of Plaintiff and/or third persons or entities other than Walmart for which Walmart has no liability, responsibility, direction or control and Plaintiff's claims are, therefore, barred or reduced in proportion to the fault attributable to persons or entities other than Walmart.

### TENTH DEFENSE

Walmart reserves the right to supplement this Answer and plead any and all additional defenses and affirmative defenses that arise during the course of the litigation.

### ELEVENTH DEFENSE

In response to numerical paragraphs, Walmart states:

1. Walmart is without sufficient information to admit or deny the allegations set forth in paragraphs 1, 3, 4, and 7 of Plaintiff's Complaint and therefore denies same.

2. Walmart admits that it is a foreign corporation authorized to do business in the Commonwealth of Kentucky with a home office address of 702 Southwest 8th Street, MS #0555, Bentonville, AR 72716, and its agent for service of process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601, as contained in paragraph 2 of Plaintiff's Complaint.

3. Walmart admits that it maintained the building itself but denies the remaining allegations contained in paragraph 5 of the Plaintiff's Complaint.

4. Walmart denies the allegations contained in paragraphs 8, 9, 10, 12, 13, 14, 16, 17, and 18 of the Plaintiff's Complaint.

5. In response to paragraphs 11, 15, 19 and 23 of the Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set forth herein its responses in paragraphs 1-22.

6. Paragraphs 6, 20, 21, 22, 24, 25 and 26 of Plaintiff's Complaint contain no claims against Walmart, and therefore a response by Walmart is not required. To the extent Plaintiff intends to make allegations against Walmart in these paragraphs or to rely on the allegations to impose liability against Walmart, Walmart denies the allegations contained in these paragraphs.

7. Walmart denies any and all claims not expressly admitted.

WHEREFORE, Defendant, Wal-Mart, demands as follows:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Fault be apportioned pursuant to KRS 411.182;

3. For its costs herein expended;

4. Trial by jury on all issues so triable; and

5. For any and all other relief to which it may be entitled.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

Jennifer Kincaid Adams, Esq.
9300 Shelbyville Road, Suite 400
Louisville, KY 40222
(502) 423-6390/Telephone
(502) 423-6391/Facsimile
jadams@qpwblaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following via regular U.S. Mail, postage pre-paid, on this the _____ day of October, 2013:

Taylor P. Sorrels
Sorrels Law Office
436 S. Seventh Street, Suite 200
Louisville, KY 40203
*Counsel for Plaintiff*

William E. Cowley, III
436 S. Seventh St., Suite 200
Louisville, KY 40203
*Counsel for Plaintiff*

*Counsel for Defendant*

5

NO. 13-CI-04806　　　　　　　　　　　　　JEFFERSON CIRCUIT COURT
　　　　　　　　　　　　　　　　　　　　　　　　DIVISION TEN (10)
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE IRV MAZE

MAXINE HAZLEY　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.

WAL-MART STORES, INC.
- and -
BACELINE INVESTMENTS, LLC　　　　　　　　　　　　　　　　DEFENDANTS

### NOTICE OF SERVICE

Defendant, Wal-Mart Stores, Inc. by and through counsel, hereby gives Notice of Service of Defendant's First Set of Interrogatories and Request for Production of Documents Propounded to Plaintiff, Maxine Hazley, by U.S. mail on October _____, 2013.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

_____
Jennifer Kincaid Adams, Esq.
9300 Shelbyville Road, Suite 400
Louisville, KY 40222
(502) 423-6390/Telephone
(502) 423-6391/Facsimile
jadams@qpwblaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following via regular U.S. Mail, postage pre-paid, on this the _____ day of October, 2013:

Taylor P. Sorrels
Sorrels Law Office
436 S. Seventh Street, Suite 200
Louisville, KY 40203
*Counsel for Plaintiff*

William E. Cowley, III
436 S. Seventh St., Suite 200
Louisville, KY 40203
*Counsel for Plaintiff*

_____
*Counsel for Defendant*

2