UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-960-H

MAXINE HAZLEY                                                                                    PLAINTIFF

V.

WAL-MART STORES EAST, L.P., *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case arises from an injury Maxine Hazley allegedly suffered as a business invitee on the property of either Wal-Mart Stores East, L.P., or Baceline Investments, LLC. Hazley sued both for negligence because she claims that she fell over some "chips" somewhere in the concrete outside the properties. Wal-Mart and Baceline moved for summary judgment, arguing that Hazley has only unreliable and conjectural evidence to support her claim or, alternatively, that Hazley was injured due to an "open and obvious" hazard. For the reasons that follow, these motions are granted and Hazley's claims are dismissed.

I.

There are only a few undisputed facts in this case. In August 2011, Maxine Hazley was 64 years old and suffered from arthritis in both of her legs. This kept her from working and required her to walk with a cane. She did not drive. One afternoon, Hazley took a taxi to go shopping. She made purchases at multiple stores, ending up at Wal-Mart. She was ready to leave around 5:00 p.m., so she called a taxi and waited on a bench just inside Wal-Mart for approximately 30 minutes. When the taxi arrived, Hazley stood from the bench, handed the taxi driver some of her bags, and walked outside. She eventually entered the taxi and went home.

The rest of her story is disputed. Hazley claims that somewhere between the exit at Wal-Mart and the taxi, she fell. There is no other evidence that she fell at this time; in fact, the taxi driver testified that: (1) he did not recall Hazley falling; (2) he did not write an incident report for her fall; (3) if she had fallen, he would have filed an incident report; (4) according to the taxi company's record of this pickup, he was only at Wal-Mart picking up Hazley for two minutes; and (5) he did not drive Hazley to the hospital, but instead took her straight home. There is no video evidence of the fall and Hazley has presented no other witnesses.

She presented only her deposition testimony, which tells a vague and inconsistent story. The location of the taxi that picked her up is unclear. First, Hazley testified that she would not have had to cross over some part of the street because the taxi "would pull up to the curb." (Hazley Depos., 34:32-5.) She then said the taxi "was not close" to the curb (*id.* at 35:2.) and "I think it was a lot of steps" after stepping down from the curb. (*Id.* at 35:17-2.) She later testified that the distance was "five feet probably." (*Id.* at 67:8.) At one point, she described the taxi as being parked "a little closer than far" from the Wal-Mart doors. (*Id.* at 68:18-22.)

The location of her fall is also unclear. At different times in her deposition, she testified: (1) she "was still on the sidewalk" (*id.* at 37:21.); (2) she was "in the parking lot area" (*id.* at 72:13); (3) when asked whether she had both feet in the parking lot before the fall, she stated "I think I had both feet[] on" the parking lot (*id.* at 72:17-19); (4) "probably when I stepped down from the curb to the parking lot . . . is probably when I lost my, you know, balance." (*Id.* at 80:1-4.) She sued adjacent property owners—Wal-Mart and Baceline—but has never specified which of the two had the defective concrete that caused her to fall.

She generally claims the concrete was not missing "a big chunk, but there [were] some parts like it [was] chipped." (*Id.* at 71:13-14.) The location of this "chip" that caused her fall is

not clear from her testimony. At different times in her deposition, she stated: (1) "I think it was that concrete in Wal-Mart, because it was kind of chipped" (*id.* at 42:12-13); (2) "I remember the sidewalk had been chipped, I remember that a chip was kind of in it, it was chipped kind of bad" (*id.* at 70:15-17); (3) when asked whether the parking lot area was chipped, too, she stated: "I think it was" (*id.* at 73:9-10.); (4) "I think [the chip] was in the parking lot . . . where I stepped down from" (*id.* at 79:13-17); (5) when asked whether the chip was in the parking lot or on the curb itself, she answered "I think it was in the parking lot" (*id.* at 82:4-6.); (6) when asked by her lawyer if she stepped in a chip that caused her to fall, she said: "It may have been. I think it was, you know, when I stepped down off of that curb into the parking lot." (*Id.* at 80:5-11.)

Hazley sought medical treatment for the first time a week after the date of her alleged fall. She learned that she broke her ankle and had various other injuries. She sued Wal-Mart and Baceline; both defendants moved for summary judgment.

## II.

Summary judgment is appropriate if the submitted evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). In analyzing a motion for summary judgment, a court must view the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. The Court must ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*

III.

The Court applies the substantive law of Kentucky to the underlying claim. *See Hayes v. Equitable Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). This is a negligence claim, which requires the plaintiff to prove (1) a duty owed by the defendant, (2) a breach of that duty, (3) actual and proximate causation, and (4) harm to the plaintiff. *Helton v. Montgomery*, 595 S.W.2d 257, 258 (Ky. App. 1980). More specifically, under Kentucky law, a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if he:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
> (c) fails to exercise reasonable care to protect them against the danger.

*Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432-33 (Ky. 2003) (quoting Restatement (Second) of Torts § 343 (A.L.I. 1965)).

In applying this standard to trip-and-fall cases, Kentucky courts employ a burden-shifting framework. Plaintiff must first prove (1) she had an encounter with a dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the condition, the business premises were not in a reasonably safe condition. *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003) (citations omitted). "Such proof creates a rebuttable presumption sufficient to avoid summary judgment." *Id.* The burden then shifts to the defendants to prove the absence of negligence. *Id.*

This Court recently stated that "Plaintiff's burden at this stage of a slip-and-fall case is not substantial where Plaintiff has presented sworn testimony to establish its prima facie case." *Vaughn v. Target Corp.*, No. 3:13-CV-521, 2014 WL 4999194 at *3 (W.D. Ky. Oct. 7, 2014). Here, Hazley has testified that she thinks she fell because of a dangerous condition.

4

Nevertheless, to survive summary judgment, the plaintiff must present evidence "on which a reasonable jury could return a verdict" for her. *Anderson*, 477 U.S. at 248. She has fallen short of this requirement.

In her response to the defendants' motions for summary judgment, Hazley relies solely on the testimony in her deposition to establish that she fell and that an unreasonably safe condition caused this fall. Her testimony raises more questions than answers. First, where did she fall? In her deposition, she stated at separate times that she fell on (1) the sidewalk, (2) the curb, and (3) the parking lot area below the curb. And though she ultimately settled on the parking lot area near the end of her deposition, it is not even clear there was enough room between the curb and the taxi for a fall. Second, where was the dangerous condition? From her deposition, the "chips" in the concrete she alleges could have been anywhere between the doors at Wal-Mart and the taxi. And third, did this dangerous condition even cause her to fall? Hazley did not seem sure. In one exchange, a lawyer asked her: "Do you think that you stepped in that chip and that's what caused you to lose your footing?" (Hazley Depos., 80:6-8.) She responded: "It may have been. I think it was, you know, when I stepped down off of that curb into the parking lot." (*Id.* at 80:9-11.) She also stated that, as she walked to her taxi, she was carrying her cane, purse, and possibly some shopping bags. When the plaintiff relies solely on her own testimony to overcome summary judgment, an allegation that her injury "may have been" caused by an unidentified defect in an unspecified location on the defendants' property is insufficient.

Hazley's claim falls short of the "low bar" this Court recently described as necessary to overcome summary judgment in this type of case. In *Denney v. Steak N Shake Operations*, 559 F. App'x 485 (6th Cir. 2014), the court found summary judgment inappropriate where the plaintiff relied solely on his own testimony in a slip-and-fall case. In *Denney*, the plaintiff was

injured when he tweaked his knee after slipping (but not falling) on the floor in a Steak N Shake restaurant. *Id.* at 486. There, however, the plaintiff could point to a specific defect in the floor (it was slippery) and also provided "competent testimony about others in the restaurant slipping on the floor . . . ." *Id.* at 487-88. Similarly, in *Vaughn v. Target Corp.*, No. 3:13-CV-521, 2014 WL 4999194, at *3 (W.D. Ky. Oct. 7, 2014), this Court held that the plaintiff had "crawled over" the "low bar" to overcome summary judgment when she alleged, over directly conflicting testimony from Target employees, that she slipped on a mysterious dark, brown, sticky substance on the floor in a Target store. In that case, though the plaintiff did not present "very convincing evidence," she told a consistent story throughout her deposition, her fall was caught on surveillance video, and she claimed to possess the shoes she wore on the day of the fall (which allegedly contained residue from the dark, sticky substance on the floor). *Id.*

By contrast, the only evidence Hazley has presented to overcome this motion for summary judgment is her own conjectural and inconsistent testimony. Unlike the plaintiffs in *Denney* and *Vaughn*, Hazley has not told a consistent story, has presented no corroborating evidence, and can only speculate that she fell because of a vague condition somewhere outside of Wal-Mart. Though the bar is low at this stage in a trip-and-fall case, Plaintiff is still charged with presenting evidence on which a reasonable jury could find the defendant liable. On the facts presented here, Hazley has fallen well short.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Wal-Mart and Baceline's motions for summary judgment are SUSTAINED and Hazley's claims are DISMISSED.

This is a final order.

cc: Counsel of Record